UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY PROCTOR,

        Plaintiff,

                                  CASE NO. 1:11-CV-162

v.

                                  HON. ROBERT J. JONKER

NORTHERN LAKES COMMUNITY
MENTAL HEALTH AUTHORITY,

        Defendant.
_____/

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

       This matter is before the Court on Magistrate Judge Brenneman's Report and Recommendation (docket # 66), Defendant's Limited Objection (docket # 72), and Plaintiff Proctor's Objections (docket # 76). On June 20, 2012, the Court notified the parties that it intended to conduct a de novo review in light of the parties' various filings, and gave the parties an opportunity to submit additional briefing based on any issue in the existing record. (docket # 79). The Court has reviewed the entire matter de novo, including, without limitation, the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself (docket # 66); Ms. Proctor's Limited Objection (docket # 76); Defendant's Limited Objection (docket # 72); and Defendant's further briefing (docket # 80)[1].

       The Report and Recommendation accurately states the factual background of the case and the claims Ms. Proctor raises in this lawsuit. (Report and Recommendation, docket # 66, at 1-13.)

---

[1] Neither party was required to submit additional briefing, and Plaintiff did not submit additional briefing.

Ms. Proctor's Count I asserts that her former employer, Northern Lakes Community Mental Health Authority ("NLCMH"), violated the Americans with Disabilities Act ("ADA") by failing to accommodate her disability. Ms. Proctor's Count II asserts that NLCMH failed to provide her with a timely notice of COBRA continuation rights and failed to timely submit the forms to convert her group life insurance policy into an individual life insurance policy. Defendant moved for summary judgment on all claims (docket # 42). The Report and Recommendation recommends that the Court grant Defendant's motion for summary judgment as to Count I and as to Ms. Proctor's claim that NLCMH failed to provide her with a timely notice of COBRA continuation rights. The Report and Recommendation recommends that the Court deny Defendant's motion to the extent Defendant seeks summary judgment as to Plaintiff's claim that Defendant failed to timely submit the forms to convert her group life insurance policy to an individual life insurance policy.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Based on its de novo review, the Court finds the Magistrate Judge correctly determined that Defendant is entitled to summary judgment as to the ADA claim. Ms. Proctor objects to this because she disagrees with the Magistrate Judge's determination that she could not perform some of the essential functions of the Resident Care Assistant ("RCA") position as prescribed by the state regulations. Ms. Proctor contends that the ability to lift 70 pounds was not an essential function of her former position and that, with a reasonable accommodation, she might have been able to perform tasks requiring that she lift 70 pounds. (Obj., docket # 76, at 2-3.) The Magistrate Judge rightly points out that individuals employed in RCA positions must meet the State of Michigan's physical exertional requirements and that the undisputed record establishes that Ms. Proctor could not satisfy those requirements. Indeed, Ms. Proctor does not dispute the Magistrate Judge's finding that bending and twisting were also essential functions of her RCA position and that Ms. Proctor could not perform those functions, with or without accommodation. The record is replete with medical evidence from Ms. Proctor's own medical providers that she was unable to perform the essential functions of the RCA position. (R. and R., docket # 66, 7-10). Ms. Proctor cannot establish a prima facie case of employment discrimination under the ADA, because Ms. Proctor could not have returned to the RCA position with or without accommodation. The Magistrate Judge properly concluded that NLCMH is entitled to summary judgment on Count I.[2]

---

[2]Defendant's Limited Objection (docket # 72) on this issue is not really an objection, but simply a request that the Court confirm that summary judgment as to Plaintiff's ADA claim continues to be appropriate under the causation standard set forth in a recent Sixth Circuit case, *Lewis v. Humbolt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012). The Court's decision that Defendant is entitled to summary judgment on Ms. Proctor's ADA claim has nothing to do with causation, but hinges instead on Ms. Proctor's inability to perform essential functions of the RCA position. The *Lewis* decision does not affect that analysis.

Based on its de novo review, the Court also finds the Magistrate Judge correctly recommended summary judgment as to Ms. Proctor's claim that NLCMH failed to provide her with a timely notice of COBRA continuation rights. The undisputed record reflects that NLCMH terminated her employment effective November 24, 2009. (Davis Decl. at ¶ 12; Denton Decl. at ¶ 5.) The COBRA notice was timely because it came within 44 days of the employment termination date. *See Holford v. Exhibit Design Consultants*, 218 F. Supp. 2d 901, 905-06 (W.D. Mich. 2002)(summarizing notice requirements of COBRA). Ms. Proctor objects and contends that the COBRA notice was untimely because, she claims, her employment terminated on November 17 or November 20, 2009, but the record does not support either claim. She points to Defendant's response to the EEOC specifying "on or about November 17, 2009," as the date Ms. Proctor's short-term disability and FMLA leave expired (docket # 48-1, at 23 of 30), but the expiration of short-term disability and FMLA leave is not the same thing as termination of employment for COBRA purposes. Ms. Proctor also claims that she was not paid after the pay period ending November 20, 2009, but there is no record evidence to support this assertion or to contradict the November 24, 2009, termination date on the record. Moreover, it is undisputed that Ms. Proctor failed to return to work upon the expiration of her FMLA leave.

The only other claim in the case is Plaintiff's assertion that "Defendant Corporation untimely submitted forms for life insurance conversion resulting in Plaintiff's canceled life insurance policy." (Compl., docket 1-1, Count II, ¶ 3.) The Magistrate Judge recommended denial of summary judgment on this issue based on what he believed were genuine issues of material fact regarding the timing of Plaintiff's request for information on the life insurance plan, and on defendant's response. After carefully reviewing the entire record, which includes the Liberty

recording of the two extensive hearings patiently and thoughtfully conducted by the Magistrate Judge, this Court concludes that there actually are no genuine issues of material fact on this claim either, and that Defendant is entitled to judgment as a matter of law.

The record evidence on any request by Plaintiff on potential conversion of life insurance benefits is exceedingly thin. The Liberty recording of the April 5, 2012 summary judgment hearing addresses this issue in a seven-minute segment from 11:05:17 – 11:12:30 a.m. The Court could find no other substantive discussion of the claim during the hearing. This portion of the hearing confirms that the only evidence in the summary judgment record that even arguably supports the claim that plaintiff herself requested information regarding the life insurance claim is a sticky note attached as Exhibit 1 to Plaintiff's Brief in Opposition to Motion for Summary Judgment (docket # 48) with the words: "Need info on long term & short term disability $ & life ins. cost?" Whether Plaintiff made a request for information on life insurance benefits is essential to any possible claim under ERISA because an employer does not have an independent, self-executing duty to inform a terminated employee about welfare benefits such as life or disability insurance; the COBRA obligation applies only to health insurance benefits.

The sticky note is simply not enough to create a genuine issue of material fact on the question of whether Plaintiff actually made a request for life insurance benefits. Plaintiff did not allege in her complaint that she made such a request. She did not testify in her deposition that she made such a request. She did not submit an affidavit or declaration on the summary judgment record reciting that she made such a request. She did not even make the claim during the summary judgment hearing. Instead, at most she suggested during the hearing that the sticky note was the result of meeting with one of the Defendant's human resources employees at some time before her

disability onset in October of 2009. This was, of course, well before her termination date, and thus at a time when potential conversion rights were not an issue. Defendant's evidence, in contrast, affirmatively asserts by declaration that Plaintiff did not make a request for life insurance information, at least before May 26, 2010, by which time it was too late to apply for a conversion in any event.[3] On this record, a reasonable finder of fact could not conclude that Plaintiff made a request for life insurance conversion information at a time when it could have had any practical impact.

Even if the Court were to credit the sticky note – either alone or in combination with anything else – as sufficient to raise a question regarding a possible oral request from Plaintiff at some appropriate time, it still would not be enough as a matter of law to trigger any duty of Defendant under ERISA. As already noted, ERISA does not impose a self-executing duty on an employer to give a terminated employee information about welfare benefits other than health insurance. ERISA does require employers to respond to some requests for information, but only if the request from the employee is in writing, and then only for certain kinds of information:

> The administrator shall, *upon written request* of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

---

[3]Even if Plaintiff had made a request for information after her termination, it is hard to see that it would have made any practical difference because she has already testified that she declined to elect COBRA health care coverage in early 2010 because she could not afford it. It is unlikely Plaintiff would have elected to buy conversion life insurance if she was unable to afford basic health coverage at the COBRA rates.

29 U.S.C. § 1024(b)(4) (emphasis added). Here there is no evidence at all of a written request from Plaintiff for any kind of life insurance information. Nor is there any evidence Defendant withheld any of the listed information from Plaintiff.

The Court also notes that violations of the duty to respond to written inquiry is subject to statutory penalty provision, but does not appear to provide an independent remedy against the employer for the amount of benefits allegedly lost, in any event. Under ERISA, an administrator

> who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B). Nor, for that matter, do the fiduciary duty provisions of ERISA require an employer to process benefit conversion requests for an employee, or provide for the kind of remedy Plaintiff seeks, even assuming a breach of fiduciary duty. Ultimately, an ERISA employer has the duty to provide appropriate responses to written requests, or face statutory penalties. It is up to the ERISA participant, however, to use the information effectively and to bear the consequences for failing to do so, or for failing to ask in writing in the first place.[4]

For these reasons, the Court concludes that the Magistrate Judge correctly recommended summary judgment on Plaintiff's ADA claim and her claim that NLCMH failed to provide her with

---

[4] Ultimately, if Plaintiff really wanted to exercise conversion rights, she had more than enough time to do so. The record is undisputed that Defendant actually carried and paid for Plaintiff's life insurance through April 7, 2010; that Defendant's representative signed off on Plaintiff's Application for Conversion of Group Life Insurance on the same date; and that for unexplained reasons Plaintiff did not submit the Application or take other action until May 26, 2010, which was outside the 31-day period following the last date Plaintiff had group life insurance paid by her employer.

a timely notice of COBRA continuation rights. The Court also concludes that Defendant is entitled to summary judgment on Plaintiff's claim that NLCMH failed to timely submit the forms to convert her group life insurance policy into an individual life insurance policy.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation (docket # 66) is **ADOPTED** to the extent consistent with this Order.

2. Defendant's Motion for Summary Judgment (docket # 42) is **GRANTED** in full.

3. Defendant's Motion in Limine (docket # 70) is **DISMISSED AS MOOT**.

4. Plaintiff's Motion to Request Authentication of Evidence (docket # 77) is **DISMISSED AS MOOT**.

5. Plaintiff's Motion for Order for Settlement Conference (docket # 83) is **DISMISSED AS MOOT**, though the Court has no objection to the parties arranging a settlement conference with the Magistrate Judge if all parties and the Magistrate Judge are willing to participate. If Plaintiff appeals this Court's decision, as she has a right to do, the parties may have to submit to a settlement process in the Court of Appeals. They may find it in their mutual interest to explore settlement possibilities locally while the appeal window remains open.


Dated:     August 22, 2012             /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE